IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| **v.** | : Crim. No. 25-CR-322 (LLK) |
| **PETER WILLIAMS,** | : Sentencing Hearing: February 24, 2026 |
| **Defendant.** | : |

### UNITED STATES' REPLY TO DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through undersigned counsel, respectfully submits this Reply to Defendant Peter J. Williams Memorandum in Aid of Sentencing ("Defendant's Memorandum). The government specifically responds to two arguments from the Defendant's Memorandum and wishes to clarify one issue with the Court.

First, the Court is generally required to apply the version of the U.S. Sentencing Commission Guidelines ("U.S.S.G.") that is "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4)(A)(i)-(ii); *see also* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). As referenced in the Defendant's Memorandum, the government acknowledges a potential amendment to the U.S. Sentencing Guidelines ("U.S.S.G."), namely the December 12, 2025 *Proposed Amendments to the Sentencing Guidelines*, located at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202512_rf-proposed.pdf, which could revise the § 2B1.1 Guideline. The proposed amendments have not been adopted, and the proposal includes two different proposals with different proposed changes to the same provisions. *See id.* at 43, 57, and 65-66. Each proposal has a different increase in the loss ranges to the §2B1.1 loss table, and the second proposal could

*increase* the potential guideline range between 2 to 4 levels based on "non-economic harm" which includes "psychological harm, emotional trauma, harm to reputation or credit rating." *Id.* at 66. In light of the uncertainty of any amendment that may be adopted, and how they would be applied to the facts of this case which could potentially both increase and decrease aspects of the guideline range, the Government requests that the Court take no consideration of the proposals at this time.

Second, the government emphasizes the rare and significant harm in this matter. For example in 2024, the U.S. Sentencing Commission identified 4,950 persons sentenced under §2B1.1, but only 108 of those cases involved loss values were greater than $25 million. *See* U.S. Sentencing Commission, *Fiscal Year 2024 Sourcebook of Federal Sentencing Statistics,* Figure #-2, located at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2024/FigureE2.pdf. In other words, 98% of persons sentenced under §2B1.1 were involved in losses less than $25 million.[1] Further, it is exceedingly rare that cases involving §2B1.1 impact the national security.

Lastly, as stated in the United States' Memorandum in Aid of Sentencing ("United States' Memorandum"), the government acknowledges that while it is in the Court's discretion to apply U.S.S.G. §4C1.1, it did not object to findings in the draft Presentence Investigation Report ("PSR"), including the recommendation that U.S.S.G. §4C1.1 should apply in this case. *See* PSR at ¶48, 105. Stated more explicitly, the government acknowledges that after being confronted by law enforcement regarding his conduct in this matter, the Defendant made significant effort to mitigate harm, and the government does not object to the Court's adoption of the PSR's

---

[1] The 2023 data holds the same 98% value, with 4,850 persons sentenced under §2B1.1, but only 111 whose loss values were greater than $25 million. *See* U.S. Sentencing Commission, *Fiscal Year 2023 Sourcebook of Federal Sentencing Statistics,* Figure #-2, located at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2023/FigureE2.pdf.

recommendation relating to the applicability of U.S.S.G. §4C1.1 in this case. *Id.* The government submits the appropriate sentence for the Defendant is 108 months' incarceration, which it characterizes as the top of the guidelines range for the Defendant if U.S.S.G. §4C1.1 is applied. As stated in the United States' Memorandum, the government reiterates that both parties have agreed not to seek a variance in this matter (United States' Memorandum at 6 and 9).

Respectfully submitted,

JEANINE F. PIRRO
United States Attorney

By:      */s/ Tejpal Chawla*
Tejpal Chawla
Assistant United States Attorney
U.S. Attorney's Office, District of Columbia

JOHN A. EISENBERG
Assistant Attorney General
National Security Division

By:      */s/ Prava Palacharla*
Prava Palacharla
Trial Attorney
U.S. Department of Justice
National Security Division
National Security Cyber Section

By:      */s/ Nicholas Hunter*
Nicholas Hunter
Trial Attorney
U.S. Department of Justice
National Security Division
Counterintelligence and Export Control Section