**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **v.** | : **Crim. No. 25-CR-322 (LLK)** |
| | : |
| **PETER WILLIAMS,** | : **Sentencing Hearing: February 24, 2026** |
| | : |
| **Defendant.** | : |
| | : |

**GOVERNMENT'S MOTION TO SEAL THE COURTROOM FOR THE VICTIM
IMPACT STATEMENT AND TO PROTECT OTHER EQUITIES**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to close the courtroom, in the presence of the defendant and his attorneys, for a limited portion of the sentencing hearing to allow a corporate representative from Company 1 and Company 2 to address the Court directly in order to present an oral victim impact statement with their counsel (in the presence of counsel for the government, the defendant, and his counsel), and to discuss protected aspects of that victim impact statement or the victim impact statement provided on behalf of the U.S. Intelligence Community. Both statements have been designated by this Court as Highly Sensitive Documents ("HSDs"), and reference sensitive national-security-focused cyber and intelligence software, to include proprietary cyber-exploits, which are Company 1's and Company 2'strade secrets. In support of this motion, the government states as follows:

First, the primary victims in this case, Company 1 and Company 2, are victims of Defendant Williams' theft of trade secrets. Their companies have been harmed by the Defendant's actions as further described in their victim impact statement, which has been filed under seal and designated by this Court as an HSD. The corporate representative wishes to also orally address the

Court at sentencing, but wishes to do so in a closed courtroom to protect their trade secrets and corporate interests, and to speak freely about the harm the disclosure of those tools had upon their current business. The government submits that it is also likely that this oral statement references national security information, specifically the nature of the national-security-focused cyber and intelligence tools and the impact the disclosure of those tools has had on their use. The right for victims of crimes to be "be reasonably heard" at sentencing is provided by statute. *See* 18 U.S.C. §3771. Further, the government and the Court are obligated to protect trade secret information in "any prosecution or other proceeding under this chapter," *see* 18 U.S.C. §1835(a). In this case, the victim companies' trade secrets have national security implications, and the identity of the companies has not been publicly disclosed by the Court, the government or the defense.

Second, the United States asks the Court to protect discussions about both victim impact statements, and trade secrets related to this case, by protecting specific discussion by the parties of issues related the victim impact statements or trade secrets. As the Court found in its Order granting the filing of the victim impact statements as HSD, details of those statements include information about the nature of the national-security focused cyber and intelligence software, and the impact disclosure of those tools has on the national security of the United States. As such, the government asks the Court to allow the parties to have full and complete discussion with the Court about these specific matters in a fashion that protects those discussions from public disclosure.

Therefore, the government requests leave of the Court to 1) permit the corporate representatives (with counsel) to provide their brief oral victim impact statement, with government counsel, the defendant and his counsel present, but in an otherwise closed courtroom, 2) permit the parties to discuss trade secret sensitive material and matters related to the corporate and USIC victim impact statements in a similar manner (in a closed courtroom with the defendant and his

counsel present), or by allowing the parties to have discussion of these matters under seal at the bench, and 3) seal the portions of the transcript that relate to either of the above proceedings from public dissemination until further Order of this Court. Insofar as the closure will be for a narrowly tailored reason, for a short portion of the sentencing hearing, and is designed to protect the victims, national security and trade secrets, the government believes no reasonable alternatives exist that would allow the victim the freedom to fully address the Court. As such, the requested sealing would allow the victim representative to speak freely about matters related to their trade secrets – that is, sensitive cyber and intelligence software – and allow the victims the ability to fully exercise their Crime Victim Rights while also fully protecting the defendant's rights to respond to such information. These twin bases support the brief closure of the Courtroom and the limited sealing of the transcript. *See* 18 U.S.C. § 1835(a); *Woven Electronics Corp. v. Advance Group, Inc.*, 930 F.2d 913 (Table), 1991 WL 54118 at *6 (4th Cir. 1991) (recognizing "requirement that the district court be sealed to the extent necessary to prevent the release of trade secrets"); *Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defense counsel has been advised of the contents of this motion and has informed the undersigned it objects to this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

JEANINE F. PIRRO
United States Attorney

By:    */s/ Tejpal Chawla*_____
Tejpal Chawla
Assistant United States Attorney
U.S. Attorney's Office, District of Columbia

JOHN A. EISENBERG
Assistant Attorney General
National Security Section

Prava Palacharla
Trial Attorney
U.S. Department of Justice
National Security Division
National Security Cyber Section

Nicholas Hunter
Trial Attorney
U.S. Department of Justice
National Security Division
Counterintelligence and Export Control Section