**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| | : **Crim. No. 25-CR-322 (LLK)** |
| **v.** | : |
| | : **Sentencing Hearing: February 24, 2026** |
| **PETER WILLIAMS,** | : |
| | : |
| **Defendant.** | : |
| | : |

**ORDER**

Based on the representations in the government's Motion to Seal the Courtroom for the Victim Impact Statement and to Protect Other Equities, this Court makes the following:

FINDINGS OF FACT

This matter involves trade secrets that involve national security equities to include sensitive national-security focused cyber and intelligence software, that are cyber exploit tools and their use. To date, none of the parties in this matter have publicly identified the victim companies or their specific U.S. Intelligence Community clients.

Pursuant to the government's representations regarding the two submitted victim impact statements, it is likely the victim representatives or counsel will discuss matters related to their legitimate trade secrets that involve the national security of the United States.

Providing only for a fully public option to allow the victim representative to provide an oral victim impact statement would not protect the companies' legitimate trade secret and privacy concerns.

This Court is required to provide victims a reasonable opportunity to be heard at

1

sentencing, and to protect victim trade secret information. Indeed, both victim impact statements were previously designated by this Court as Highly Sensitive Documents.

Based on the representations in the government's motion, and this Court's findings of fact, this Court finds that there are compelling governmental interests in closing the Courtroom for a limited portion of the sentencing hearing to allow the corporate representative (attendant with any counsel) to provide an oral victim impact statement to the Court, and to allow the parties to discuss matters related to trade secrets and national security matters discussed in the two victim impact statements in the presence of the defendant and defense counsel. The Court further finds such an extraordinary situation exists to place these portions of the sentencing transcript should be placed under seal.

The Court has considered other options and believes the requested closure is a narrowly tailored option that will permit the victim representative the opportunity to fully address the Court while protecting their identity and trade secrets, and such procedure will be the most efficient use of judicial resources while otherwise permitting public access to the proceeding.

Based on the above, it is this ___ day of February, 2026, hereby

ORDERED that this Order, and the government Motion to Seal the Courtroom for Victim Impact Statements be granted;

And it is further

ORDERED that the Court shall briefly hold a sealed proceeding during sentencing wherein the victim representative (and corporate counsel) will be permitted to provide an oral victim impact statement to the Court and the parties can discuss matters related to trade secrets and national security matters in the two victim impact statements, which will be held in the presence of

government counsel, the defendant and defense counsel;

And it is further

ORDERED that the Criminal Clerk's office shall not make any transcript of the sealed proceeding available to the public, but the government and defense counsel shall be permitted to request a transcript of the sealed proceedings in this case. The Court Reporter shall be permitted to prepare such a transcript and provide it to the government or defense counsel, but that the defense counsel may not share or distribute such material without further order of this Court.

_____
District Loren L. AliKhan
United States District Court
for the District of Columbia

Serve:  AUSA Tejpal S. Chawla
        John Rowley, Jr., Esq.
        Lionel Andre, Esq.