UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Criminal No. 25-cr-0322 (LLA) |
| : | |
| **PETER WILLIAMS,** : | |
| : | |
| **Defendant.** : | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT MOTION TO
SEAL THE COURTROOM DURING SENTENCING**

Defendant Peter Williams, by and through his undersigned counsel, respectfully submits this Opposition to the Government's Motion to Seal the Courtroom during the presentation of an oral victim impact statement ("VIS") by Company One and Two and discussion of the VIS submitted to the Court by the U.S. Intelligence Community.

**I.      ARGUMENT**

The Government seeks to close an otherwise public proceeding primarily so that a corporate representative may present its views concerning the losses allegedly incurred by the companies. The request is improper for two reasons. *First,* the Government has not met the stringent constitutional and common-law standards required to overcome the strong presumption of open judicial proceedings. *Second,* the proposed procedure would deprive Mr. Williams of a fair opportunity to test the reliability of the claimed losses, where he has had no discovery regarding the basis of the claims or opportunity to cross-examine the proposed representative under oath.

**A.      The Government Has Not Carried Its Heavy Burden to Justify Closure**

Court proceedings are presumptively open under the First Amendment and the common law. Closure is permitted only where the moving party demonstrates a compelling interest likely to be prejudiced absent closure. In this instance, the Government, as the party seeking to close the hearing,

1

has the burden to "advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure. *See, e.g., Waller v. Georgia*, 467 U.S. 39 (1984); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984)("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.")

Here, the VIS have both been filed under seal and the parties are proceeding under the terms of a plea agreement. The Sentencing Memoranda address, in detail, the salient issues on the open record and without need for arguments under seal. The Government has not shown why the sentencing cannot proceed in open court in the same manner.

### B.   The Lack of Discovery and the Right to Cross Examination

Separately, fundamental due process requires that a defendant have a meaningful opportunity to challenge adverse factual assertions that may affect liberty, sentencing exposure, restitution, or other material interests. Allowing the Government to bolster the losses allegedly caused by the offense conduct —losses which the defense has had no opportunity to verify or challenge through discovery would violate Mr. Williams' right to fundamental principles of due process.[1]

In a move that only compounds the prejudice to Mr. Williams, the Government waited until this morning to email to defense counsel a summary of the losses Company One will apparently claim at tomorrow's sentencing.[2] Neither Mr. Williams nor his counsel had seen this summary previously.

---

[1] "[D]isputes about sentencing factors must be resolved with care. … An evidentiary hearing may sometimes be the only reliable way to resolve disputed issues. *See, e.g.*, *United States v. Jimenez Martinez*, 83 F.3d 488, 494–95 (1st Cir. 1996) (finding error in district court's denial of defendant's motion for evidentiary hearing given questionable reliability of affidavit on which the district court relied at sentencing)." U.S.S.G. § 6A1.3, Commentary

[2] Government counsel advised that the summary purportedly includes losses for 2024 and 2025 but doesn't cover expected loss revenue for the out years, like 2026 and 2027.

The defense anticipates that the company representative will attempt to justify the summary and allege other expenditures for investigation and remediation, as well as nebulous damage to the companies' reputations.

Notably, neither the Government nor the companies has produced the underlying business records necessary to verify the claimed losses. Where loss calculations are not traceable to source documents, courts routinely find the required indicia of reliability lacking. The absence of supporting records is particularly significant given the size of the losses alleged. Without the defense's ability to review the underlying financial data or cross-examine the company representative, the Court will be asked to rely on unvetted information in determining Mr. Williams' sentence or the amount of restitution.

It is inherently unfair to allow a company representative – with the Government's implicit imprimatur – to put a high estimated dollar figure on losses when the defense has had no opportunity to test the veracity of those estimates or even review the basis upon which they are made.

### C.   The Court Should Exercise Particular Caution Regarding Restitution

To the extent that the Government's proposal could affect the Court's consideration of mandatory restitution, it violates the Supreme Court's recent decision in *Ellingburg v. United States*, 607 U.S. __, 2026, WL 135982 (2026), which clarified that restitution under the Mandatory Victims Restitution Act ("MVRA") is criminal punishment, not just a civil remedy. The Government has the burden to prove actual loss for restitution, separate from the "reasonable estimate" allowed for sentencing guidelines. *United States v. Fair,* 699 F.3d 508 (D.C. Cir. 2012) (restitution under the MVRA is "limited to the actual, provable loss suffered by the victim and caused by the offense conduct."). An unsworn summary by the company representative has no place in that determination.

### D. Procedural Unfairness and Late Notice

The Government filed its motion late yesterday (Sunday) night prior to Tuesday's (tomorrow's) sentencing hearing. This "eleventh-hour" filing leaves the defense with no time to prepare an effective rebuttal of whatever statements the company representative plans to make at the sentencing. A sentencing hearing should not be a "trial by ambush." [3] The timing of the Government's motion denies Mr. Williams the "meaningful opportunity to be heard" that is required by the Due Process Clause.

## II. CONCLUSION

For the foregoing reasons, Mr. Williams respectfully requests that the Court not permit the proposed sealing of the courtroom or allow the company representative to offer damage claims that are not based on records shared with the defense or subjected to discovery and cross-examination.

Respectfully submitted,

SECIL LAW PLLC

 /s/ *John P. Rowley III*
John P. Rowley III (DC Bar No. 392629)
Lionel Andre (DC Bar No. 422534)
1701 Pennsylvania Ave., N.W., Suite 200
Washington, D.C. 20006
jrowley@secillaw.com
(202) 642-0679
landre@secillaw.com
(703) 232-4622

*Counsel for Defendant Peter Williams*

---

[3] This afternoon, the Government emailed to defense counsel the exhibits it plans likely to use at tomorrow's sentencing.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23th day of February 2026, I electronically filed a true copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all parties.

                                                /s/ *John P. Rowley III*
                                                John P. Rowley III