IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : <br> : <br> : |
| v. | : Crim. No. 25-CR-322 (LLK) <br> : |
| **PETER WILLIAMS,** | : Sentencing Hearing: February 24, 2026 <br> : |
| **Defendant.** | : <br> : |

### UNITED STATES' REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT MOTION TO SEAL THE COURTROOM DURING SENTENCING

The United States of America, by and through undersigned counsel, respectfully submits this Reply to Defendant's Opposition to Government Motion to Seal the Courtroom During Sentencing ("Defendant's Opposition"). The defense raises two arguments with regard to its objection for courtroom closure, and one unrelated argument related to disputed restitution. The government addresses them below.

First, Defendant Williams argues that the government "has not carried its heavy burden to justify closure". (Defendant Opposition at 1). This argument misses the mark, as Congress regularly displaces any common law right of access in Federal Court, as it has done so in 18 U.S.C. §1835, to protect certain equities, such as the protection of trade secret information. The government submits this is particularly true when the closure also involves providing for the right of victims of crimes to be "be reasonably heard" at sentencing, and protect "the privacy of records" used to support claims of restitution "to the greatest extent possible, and such records may be filed or testimony heard in camera." *See* 18 U.S.C. §§ 3664(d)(4) and 3771. Other such examples include Rule 6(e) of Federal Rules of Criminal Procedure, and the Classified Information

Procedures Act (CIPA), at 18 U.S.C. Appendix 3. *See generally In re Application of the United States for an Order Pursuant to 18 U.S.C. 2705(b),* No. 24-5239 (D.C. Cir. Febr 3, 2026) (denying right of access to nondisclosure order that contained grand jury information protected by Rule 6(e)). The defense has no claim that the statutes at issue are somehow infirm or unconstitutional.

Second, the defense takes no issue with the compelling reasons for the motion laid out in its motion: to permit the victim to speak freely while protecting national security-related trade secrets and allow the parties to discuss those issues with the Court. The defense further makes no recognition of the fact that this Court has already accepted both victim impact statements in this case under the Highly Sensitive Designation protocol. As such, the government has provided compelling government interests to close the courtroom, that is to permit the victim to address the Court to discuss proprietary trade secrets that the Defendant has pled guilty for stealing, and to protect national security related equities. The government's narrowly tailored proposal – that is, to close the courtroom briefly for a limited portion of the sentencing hearing to address the sealed statements – protects not only the victim's right to address the Court, but also Defendant Williams' ability to speak freely about both VIS as well.

Third, contrary to the defendant's claims, the government's motion has nothing to do with discovery or trial by ambush. As a preliminary matter, the defendant, in the plea agreement, already waived "any further discovery or disclosure of information not already provided at the time of the entry of your client's guilty plea." *See* Dkt. 6 at p.6. Additionally, the victim has, and has always had, a full and complete right to speak at sentencing without censorship by any party. This includes the right to exercise their right to speak to the Court without being cross-examined by the defendant. *See, e.g. United States v. Castillo*, 476 Fed. Appx. 774, 775 (5th Cir. 2012). Were the law otherwise, all defendants would be able to cross-examine their victims if they dared exercise

their right to speak at sentencing. That would devastate the Crime Victim's Rights Act ("CVRA") and the right of victims to allocate and speak to the Court about the harm caused to them.

If the corporate victim wishes to address issues related to loss and trade secrets, it is their right to do so. Indeed, the victim has already informed the Court (and the defense) in their written victim impact statement that was submitted more than two weeks ago about the toll the defendant's conduct has caused. In this case the government and the defense have agreed in the plea agreement to a loss estimate for guideline purposes of between $25 million and $65 million, and nothing the government has done, or intends to do, changes that agreement.

It appears that the defendant's objection to the Government's Motion stems from a claim that it received additional information from the victim that supports its calculation of loss a day prior to sentencing, and concern that this may be considered by the Court. This complaint is odd where it was the defense, just three business days ago, for the first time in their reply brief, even requested that the victim and government provide more information to confirm the loss calculation and that the Court should "exercise caution" as a result. *Dkt.* 31 at p.5. The government is amenable to holding a restitution hearing several weeks after sentencing as requested by the defense, and this would give the defense additional time to address any material produced by the victim for restitution purposes. However, the restitution procedure is not a free-wheeling exercise with rights of cross-examination or with the defense demanding public disclosure of sensitive discovery from a third-party victim. Congress has set the rules of the road in 18 U.S.C. § 3664, and the victim can supplement its claim for losses prior to that hearing. *See id.* at 3664(d)(5).

More salient to the courtroom closure issue is whether the victim's production of the financial material at issue a timely response to a defendant's claim, has nothing to do with the Court and government's duty to protect trade secrets under 18 U.S.C. §1835(a), and to protect "the

privacy of records" used to support claims of restitution "to the greatest extent possible, and such records may be filed or testimony heard in camera." 18 U.S.C. § 3664(d)(4).

To the extent that Defendant Williams argues that the timing of the Government's Motion to Seal does not leave him enough time to "prepare an effective rebuttal of whatever statements the company representative plans to make at the sentencing," this assertion misunderstands the statutory right for a victim to be heard at sentencing. Neither the government nor the defendant will know exactly the victim of these undisputed crimes chooses to address directly with the Court, and the argument that the defendant cannot adequately prepare to rebut them is contrary to the spirit of the victim impact statement itself.

Respectfully submitted,

JEANINE F. PIRRO
United States Attorney


By:     /s/ Tejpal Chawla
Tejpal Chawla
Assistant United States Attorney
U.S. Attorney's Office, District of Columbia


JOHN A. EISENBERG
Assistant Attorney General
National Security Division

By:     /s/ Prava Palacharla
Prava Palacharla
Trial Attorney
U.S. Department of Justice
National Security Division
National Security Cyber Section

By:     /s/ Nicholas Hunter
Nicholas Hunter

                                    Trial Attorney
                                    U.S. Department of Justice
                                    National Security Division
                                    Counterintelligence and Export Control Section