**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>PETER WILLIAMS,<br><br>*Defendant*. | Criminal Action No. 25 - 322 (LLA) |

**ORDER**

Pending before the court is the United States' Motion to Seal the Courtroom for the Victim Impact Statement and to Protect Other Equities.  ECF No. 32.  Defendant Peter Williams opposes the motion, ECF No. 34, and the matter is fully briefed, ECF No. 35.  For the following reasons, the court grants the United States' motion and will partially seal the sentencing scheduled for February 24, 2026.

The United States seeks to close the courtroom to the public for a limited portion of the sentencing hearing to (1) allow a corporate representative from Company One and Company Two, with counsel, to present an oral victim impact statement and discuss protected aspects of the victim impact statements filed in support of the United States' sentencing memorandum; and (2) permit the parties to discuss sensitive material related to the victim impact statements and trade secrets at issue in this case.  ECF No. 32, at 1-3.  The United States also seeks to seal portions of the transcript that relate to such proceedings.  *Id.* at 3.

The First Amendment right of access to criminal trials extends to sentencings.  *See United States v. Alcantara*, 396 F.3d 189, 196-97 (2d Cir. 2005); *United States v. Harris*, 204 F. Supp. 3d 10, 14 (D.D.C. 2016).   This right of access is not absolute, however, and "criminal

proceedings . . . may remain under seal where the government meets its 'burden of showing that it has a compelling interest in keeping the materials secret.'" *Matter of the Application of WP Co. LLC*, No. 16-MC-351, 2016 WL 1604976, at *1 (D.D.C. Apr. 1, 2016) (quoting *In re Application of New York Times Co. for Access to Certain Sealed Ct. Recs.*, 585 F. Supp. 2d 83, 90 (D.D.C. 2008)); *see Globe Newspaper Co. v. Sup. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982).

Here, the United States has identified compelling interests in keeping the oral victim impact statement and related discussions secret.  First, sealing the courtroom will permit the victim representative to "speak freely about matters related to their trade secrets."  ECF No. 32, at 2. Under 18 U.S.C. § 1835(a), the court may "enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws."  The United States represents that it is "likely that this oral [victim impact] statement [will] reference[] national security information, specifically the nature of the national-security-focused cyber and intelligence tools," ECF No. 32, at 2, and this court has already designated the victim impact statements filed under seal in this case as highly sensitive documents, ECF No. 29.  It naturally follows that any discussion of these sealed documents requires similar protections at sentencing.

The United States also persuasively argues that partial sealing is necessary to permit the representative from the victim companies to fully exercise the companies' rights under the Crime Victims' Rights Act.  ECF No. 32, at 2; *see* 18 U.S.C. § 3771(a)(4), (b)(1) (providing that "the court shall ensure that [a] crime victim is afforded" "[t]he right to be reasonably heard at any public proceeding in the district court involving . . . sentencing").  A fully public proceeding would not provide the companies' representative a reasonable opportunity to be heard at sentencing, as it

would compromise the victims' identities and trade secret information. Finally, the United States' proposed procedure is the "least restrictive means possible" to protect the compelling interests set forth by the United States. *Harris*, 204 F. Supp. 3d at 15. Only a limited portion of the sentencing hearing will be sealed, and the court will hear the parties' arguments, address the factors set forth in 18 U.S.C. § 3553, and state the sentence to be imposed in open court. And, as the United States points out, partially sealing the proceeding will permit Mr. Williams and his counsel to speak freely about the victim impact statements as well. ECF No. 35, at 2.

Mr. Williams argues that the proposed sealing "would deprive [him] of a fair opportunity to test the reliability of the claimed losses." ECF No. 34, at 1. This argument, however, goes to the United States' arguments about restitution, not its request to partially seal the sentencing hearing. The parties agree that a hearing on restitution should be scheduled "several weeks after sentencing," ECF No. 35, at 3; *see* ECF No. 31, at 6, and the court will accordingly schedule the hearing for a mutually agreeable future date.

Accordingly, it is hereby **ORDERED** that the United States' Motion to Seal the Courtroom for Victim Impact Statement and to Protect Other Equities, ECF No. 32, is **GRANTED**, and the court will seal a portion of the sentencing hearing to permit a representative of the victim companies to provide an oral victim impact statement and for the parties to discuss matters related to trade secrets and national security from the two victim impact statements. The sealed portions of the proceeding shall be held in the presence of government counsel, the defendant, and defense counsel. It is further **ORDERED** that a transcript of the sealed portion of the hearing shall not be made available to the public, but government and defense counsel may request a transcript of the sealed proceedings. If government or defense counsel makes such a request, the Court Reporter

is permitted to prepare the transcript and provide it to counsel, but neither party may share or

distribute the sealed transcript without further order of the court.

      **SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   February 23, 2026