## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 25-CR-322 (LLA) |
| PETER WILLIAMS | |

### ORDER OF JUDICIAL REMOVAL

Upon the application of the United States of America, by Assistant U.S. Attorney Tejpal S. Chawla; upon the Factual Allegations in Support of Judicial Removal; upon the consent of PETER WILLIAMS ("the defendant") and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant admits he is not a citizen or national of the United States.

2. The defendant is a native of the Commonwealth of Australia and a citizen of the Commonwealth of Australia.

3. The defendant entered the United States on or about July 27, 2025, on an E-3, Specialty Occupation Workers from Australia, nonimmigrant visa at Los Angeles International Airport. The defendant was employed as a nonimmigrant visaholder at Trenchant in the District of Columbia. His employment was terminated on or about August 6, 2025, and he has not been employed since.

4. After the termination of his employment, the defendant received a 60-day grace period to remain in lawful immigration status. The defendant's grace period expired on October 5, 2025. The defendant no longer has legal status in the United States.

5. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court for the District of Columbia of two counts

1

of Theft of Trade Secrets, in violation of Title 18, United States Code, Sections 1832(a)(1) and (2).

6.  The defendant understands that a maximum sentence of each count is 10 years of incarceration, a maximum fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

7.  The defendant is, and at sentencing will be, subject to removal from the United States pursuant to Section 237(a)(1)(C)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C § 1182(a)(1)(C)(i), as an alien who after admission as a nonimmigrant, he failed to maintain or comply with the conditions of the nonimmigrant status in which he was admitted.

8.  The defendant has waived his right to notice and a hearing under Section 238[(d)](c) of the INA, 8 U.S.C. § 1228[(d)](c).

9.  The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238[(d)](c) of the INA, 8 U.S.C. § 1228[(d)](c), that the defendant shall be removed from the United States promptly upon his release from confinement, if a sentence of confinement is imposed, and that the defendant be ordered removed to the Commonwealth of Australia or a country deemed appropriate by the Department of Homeland Security, United States Immigration and Customs Enforcement under the controlling legal authorities.

2

Dated:          Washington, D.C.
                October 29, 2025

_____     2/24/26
UNITED STATES DISTRICT JUDGE

SO STIPULATED BY THE PARTIES.

JEANINE PIRRO
UNITED STATES ATTORNEY

By:     /S/ Tejpal S. Chawla
        Tejpal S. Chawla
        Assistant United States Attorney

John P. Rowely III
Lionel Andre
Attorneys for Peter Williams

3